465 P.2d 544

**VAN KLEECK CREAMERY, INC., and its successor, Van's Realty Company, Inc., Plaintiffs and Appellants,**

v.

**WESTERN FROZEN PRODUCTS COMPANY, Inc., a corporation, Harold H. Ellsworth, Harold E. Ellison and David J. Ellison, Defendants and Respondents.**

No. 11692.

Supreme Court of Utah.

Feb. 25, 1970.

George J. Romney, J. Thomas Greene, of Cannon, Greene, Nebeker & Horsley, Salt Lake City, for appellants.

Harry Pugsley, Salt Lake City, for respondents.

TUCKETT, Justice:

On August 11, 1965, the plaintiffs obtained a default judgment in the Eighth District Court of Idaho against the defendants. Plaintiffs filed this action in the District Court of Salt Lake County on the Idaho judgment. Judgment was entered against the corporate defendant, but the individual defendants answered the complaint and contested the right of the plaintiffs to a judgment against them in these proceedings. The individual defendants contend that they did not transact any business in the state of Idaho in their individual capacities, and not being residents of the state of Idaho, they were not subject to the jurisdiction of the Idaho court.

After a trial in the court below, the court found that the individual defendants have not committed tortious acts within the state of Idaho, and that said defendants have not owned, used or possessed any real property in that State. The court also found that the individual defendants had performed no acts nor engaged in any business transactions in the state of Idaho which would subject them to Sections 5–514 and 5–515 [1] of the Idaho Code. The court entered judgment in favor of the individual defendants above named, and the plaintiffs have appealed.

1. "5–514. Acts subjecting persons to jurisdiction of courts of state.—Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;

(b) The commission of a tortious act within this state;

(c) The ownership, use or possession of any real property situate within this state;

(d) Contracting to insure any person, property or risk located within this state at the time of contracting; * * *. [1961, ch. 153, § 1, p. 224.]

"5–515. Service of process on persons enumerated in preceding section—Personal service outside state.—Service of process upon any such person, firm, company, association or corporation who is subject to the jurisdiction of the courts of this state, as provided herein, may be made by personally serving the summons upon the defendant outside the state with the same force and effect as though summons had been personally served within this state. [1961, ch. 153, § 2, p. 224.]"

Harold Komberec and Harold Fiedler, residents of Spokane, Washington, developed a machine used in making frozen ice cream bars. They had placed the machine in the plaintiffs' dairy at Coeur d'Alene, Idaho, on an experimental basis. During the month of September, 1959, Harold Ellsworth, Harold Ellison and David Ellison met with Komberec and Fiedler at Spokane, Washington, for the purpose of discussing a possible business relationship concerning the machine and its operation. In November of 1959, the defendants Ellsworth, Ellison and Ellison entered into a preliminary agreement with Komberec and Fiedler which granted to these defendants an exclusive franchise to manufacture machines such as that in operation at the plaintiffs' dairy which they later viewed in Couer d'Alene, Idaho. No business was transacted at that time between the parties hereto. During the year 1960, the individual defendants organized the Western Frozen Products Company, Inc., for the purpose of manufacturing the machines. In order to obtain finances for the manufacture of the machines, the Western Frozen Products Company entered into an arrangement with Skaggs Utah Leasing Company whereby the latter agreed to supply the necessary funds, and it in turn would lease the machine to the plaintiffs. In due course the plaintiffs did enter into a lease agreement with Skaggs Utah Leasing Company whereby the plaintiffs obligated themselves to make monthly payments for the use of the machine to be manufactured by Western Frozen Products Company.

The machine was manufactured in Utah by Western Frozen Products Company and shipped to the plaintiffs' place of business at Coeur d'Alene, Idaho. Harold E. Ellison went to Coeur d'Alene for the purpose of supervising the assembly of the machine at the plaintiffs' premises. After the assembly of the machine, it failed to work properly and modifications were made in it under the supervision of Ellison, who was president of Western Frozen Products Company. Harold Ellison remained in Idaho for a period of approximately two years, during which time he endeavored to rebuild the machine and to put it into a condition so that it operated satisfactorily. The defendants Harold Ellsworth and David Ellison made a number of trips to Idaho during the two-year period in connection with modifying and rebuilding the machine.

 The plaintiffs claim that the judgment entered in favor of the plaintiffs in the Idaho court and against the defendants is entitled to full faith and credit under the United States Constitution.[2] The full faith and credit clause requires that one state give full recognition to judgments

2. Article IV, Section 1.

entered in another state. However, the courts of the second state have the power to examine into the jurisdiction of the court of the first state, and if it is determined that the court of the first state did not have jurisdiction, the courts of the second state are under no obligation to enforce the judgment. The defendants here did not appear in the Idaho court, and judgment was entered by default. While the judgment entered in the Idaho court contained a recital that the court had jurisdiction over the defendant, that recital was not binding upon the courts in Utah, and the District Court of Salt Lake County was not precluded from making an independent determination as to the Idaho court's jurisdiction over the individual defendants here.[3]

█ After the trial in the court below, the court concluded that the acts of the individual defendants within the state of Idaho were performed solely in their capacity as officers of the defendant corporation. The evidence before the court amply supports the court's findings and conclusions. The trial court's finding and conclusion that the individual defendants committed no tortious acts within the state of Idaho is also supported by the evidence. In this connection it should be noted that

3. Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26; International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Mountain Home

the judgment of the Idaho court does not indicate that it was based on tort.

The decision of the District Court is affirmed. Defendants are entitled to costs.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

Redi-Mix v. Connor Homes, Inc., 91 Idaho 612, 428 P.2d 744; Conn. v. Whitmore, 9 Utah 2d 250, 342 P.2d 871.