Jennie B. HANKS, Plaintiff
and Appellant,

v.

ADMINISTRATOR OF the ESTATE OF
Jens E. JENSEN, Deceased, Defend-
ant and Respondent.

No. 13594.

Supreme Court of Utah.

Jan. 16, 1974.

**364**

Pete N. Vlahos and Gary L. Gale of Vlahos & Gale, Ogden, for plaintiff and appellant.

Wendell E. Bennett of Strong & Hanni, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Jennie B. Hanks filed suit in our Utah district court seeking to recover for injuries and damages resulting from an automobile collision at San Diego, California, allegedly caused by negligence of the defendant's decedent, Jens E. Jensen. The trial court sustained the defendant's challenge to its jurisdiction and dismissed the action. Plaintiff appeals.

Plaintiff makes no contention that Jens E. Jensen was a resident of this state, or that he was personally served with summons therein. She argues two propositions as constituting sufficient "minimum" contacts within Utah to justify jurisdiction in its courts under what is referred to as the "Long-Arm" statute.[1] The first is that because an administrator has been appointed for the estate of Jens E. Jensen by our Utah probate court, and that upon an attack against that appointment this court has refused to set it aside,[2] the plaintiff may serve the administrator and acquire jurisdiction over the decedent's estate in our Utah court. She combines with this averments concerning a settlement and release having been entered into with the deceased's insurance company, which company has offices, agents, and does business in Utah.

■■■ We acknowledge the merit and applicability of the statement of policy in our "Long-Arm" statute as advocated by plaintiff that it " . . . should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted" by due process of law.[3] It is nonetheless true that our courts cannot take jurisdiction over a resident of another state simply for the convenience or desire of the plaintiff.[4] The rationale of statutes and the decisional law in the trend toward extending jurisdiction over foreign residents is that there must be some intentional and purposeful activity of the defendant in the forum state by which he takes advantage of the benefits and protections of its laws, and is obliged reciprocally to submit to its remedies.[5]

■■■ With the foregoing in mind we turn to the points urged by the plaintiff. In regard to the appointment of the administrator: In the prior case, we pointed out that the appointment was justified because it was alleged that there was a claim against the estate; and that this meets the requirement of our probate statute which authorizes appointment of an administrator when there is such a claim.[6] But we also took care to note that the fact an administrator had been appointed in Utah does not constitute any activity within this state to bring the decedent or his estate within the jurisdiction of its courts in respect to a

1. See Sec. 78–27–24, U.C.A.1953, which sets forth six classes of activity which would render a non-resident subject to the jurisdiction of our courts, none of which specifically covers the actions plaintiff relies on here.

2. Hanks v. Estate of Jens E. Jensen, 28 Utah 2d 178, 499 P.2d 859.

3. Sec. 78–27–22, U.C.A.1953.

4. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283; Hill v. Zale Corp., 25 Utah 2d 357, 482 P.2d 332.

5. Ibid.

6. Sec. 75–4–2, U.C.A.1953, expressly authorizes the appointment of an administrator when a creditor or other person has a "claim in or adverse to the estate".

tort committed in a foreign state.[7] The administrator simply stands in the shoes of the deceased and is entitled to assert on his behalf any defenses or protections that would have been available to him if he were alive.

As to plaintiff's second point, that the defendant's insurance company does business in Utah: Any activity relied upon to bring the non-resident tort-feasor within our Long-Arm statute would have to be something done by the party himself, or his agent. This requirement is not satisfied by the fact that a non-resident is insured by an insurance company which does business in this state. If the rule were otherwise, anyone insured by an insurance company of multistate scope, would be amenable to suit wherever the insurance company did business.[8] The insurance company is not a party to the alleged wrongdoing, nor to this lawsuit. Its obli-gation under its contract is to defend claims against its insured and to pay in case a judgment is recovered. But neither the fact that the insurance company covering a non-resident may have offices and agents in and do business in this state, nor that its agents may enter into negotiations concerning settlement of a tort committed in a foreign state, constitute any activities in this state by the alleged tort-feasor to bring him within the jurisdiction of our courts.[9]

In accordance with our discussion, we are in agreement with the ruling of the trial court that there is shown no basis upon which the Utah court can take jurisdiction.

Affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

---

7. We cited therein Schumacher v. Adams County Circuit Court, 225 Ind. 200, 73 N.E. 2d 689; Re Smith's Estate, 250 Iowa 499, 36 N.W.2d 815; and Thompson v. Weimer, 1 Wash.2d 145, 95 P.2d 772.

8. As to the unfairness and impracticability of such a rule see statement in Pellegrini v. Sachs & Sons and Ford Motor Co., et al., Utah, 522 P.2d 704.

9. That the obtaining of insurance or doing business with an insurance company in this state does not render a tort-feasor in a foreign state subject to the jurisdiction of our courts see Transwestern General Agency v. Morgan, Utah, 526 P.2d 1186.