**TRANSWESTERN GENERAL AGENCY, a Utah corporation, Plaintiff and Respondent,**

v.

**Carl MORGAN and Joe Campbell, dba Joe Campbell Construction Company, Defendants and Appellants.**

**No. 13547.**

Supreme Court of Utah.

Sept. 30, 1974.

Everett E. Dahl, Midvale, Mark B. Clark, Pocatello, Idaho, for Campbell.

Robert D. Maack of Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for Morgan.

TUCKETT, Justice:

The defendant Joe Campbell appeals from an order of the district court denying his motion to quash the service of summons made upon him in the state of Idaho. On April 1, 1970, the defendant Joe Campbell requested Carl Morgan, an insurance

2. Reaveley v. Public Service Commission, 20 Utah 2d 237, 436 P.2d 797.

agent in the state of Idaho, to procure for him a policy of liability insurance. Morgan contacted the plaintiff, and the plaintiff wrote a policy of insurance affording coverage to Campbell. On August 23, 1972, the plaintiff filed this action in the district court of Salt Lake County wherein it seeks to recover the premium earned on the policy while it was in force. Summons was served upon Campbell in the state of Idaho, and upon his failure to answer a default judgment was entered against him on October 3, 1972. After the entry of judgment the defendant Campbell moved the court to quash the service of summons. On November 29, 1973, the court made and entered an order denying Campbell's motion, which order recited that the matter was argued and briefs submitted on behalf of the parties, and that the court thereafter took the matter under advisement. Prior to that order the record indicates that the motion by Campbell to dismiss for lack of jurisdiction was before another division of the court which ordered that the matter be stricken for lack of prosecution when neither side appeared at a hearing on the motion. There is some confusion in the record but it would appear that the order striking the motion was not intended to dispose of the case but only to strike it from that particular calendar.

The record shows that the plaintiff corporation is authorized to do business in the state of Idaho as well as in the state of Utah. Plaintiff elected to file its complaint in Utah and to serve a summons upon the defendant Joe Campbell pursuant to the provisions of Section 78–27–24, U.C.A.1953, pertinent parts of which read as follows:

> . . . Any person, notwithstanding section 16–10–102, whether or not a citizen or resident of this state, who in person or through an agent does any of the following enumerated acts, submits himself, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising from:
>
> (1) The transaction of any business within this state;
>
> (2) Contracting to supply services or goods in this state;
>
> (3) The causing of any injury within this state whether tortious or by breach of warranty;
>
> (4) The ownership, use, or possession of any real estate situated in this state;
>
> (5) Contracting to insure any person, property or risk located within this state at the time of contracting.
>
> (6) . . .

However, it does not appear that the defendant Joe Campbell engaged in any business in the state of Utah other than procuring the policy of insurance from the plaintiff through his agent in the state of Idaho. This single transaction which was initiated in the state of Idaho is insufficient to meet the requirements of the statute above referred to, nor does it meet the criteria set forth in our prior decision of Hill v. Zale Corporation[1] as to "doing business" and minimal contacts sufficient to establish a business presence in this state. The district court should have quashed the service of summons on the defendant Joe Campbell.

The order of the court below denying the defendant Joe Campbell's motion to quash the service of summons is an appeal of an order even though the motion was made after the entry of judgment.[2] It is the plaintiff's contention that the defendant Joe Campbell did not take his appeal within the time specified by Rule 73(a), Utah Rules of Civil Procedure. It appears that the time expired on a Saturday, and that the notice of appeal which was filed on the following Monday was in time in view of the provisions of Section 17–16–9 U.C.A.1953.

1. 25 Utah 2d 357, 482 P.2d 332.

2. State Tax Commission v. Larsen, 100 Utah 103, 110 P.2d 558.

This matter is reversed and remanded to the court below with directions to quash the service of summons as to the defendant Joe Campbell. The defendant Campbell is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.