**CATE RENTAL COMPANY, INC.,**
**Plaintiff and Appellant,**

**v.**

**WHALEN & COMPANY, Defendant**
**and Respondent.**

**No. 14292.**

Supreme Court of Utah.

May 5, 1976.

R. Collin Mangrum, of Christensen, Gardiner, Jensen & Evans, Salt Lake City, for plaintiff and appellant.

Dean E. Conder, Stephen L. Henriod, of Nielsen, Conder, Henriod & Gottfredson, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff, Cate Rental Co., appeals from the granting of a motion to quash attempted service of summons upon defendant Whalen & Co., of Montana, under the long-arm statute.[1]

From its Salt Lake City business, plaintiff, a Utah corporation, sells and rents heavy construction and mining equipment to customers in this state and throughout the intermountain area. Since 1962 defendant has been one of its customers in leasing and purchasing some of its equipment. This particular suit arose out of an

---

1. Section 78-27-5, U.C.A.1953.

agreement by a telephone call from the defendant in Montana to lease a front-end loader which was shipped to defendant's Montana job site in accordance with the defendant's instructions. Thereafter a dispute (detail not material here) arose between the parties and the plaintiff initiated this suit.

The activities relied on by plaintiff to give the Utah court jurisdiction are set forth in its brief: That defendant called plaintiff by telephone and discussed the rental or purchase of equipment on the average of five times a year for the past ten years. Plaintiff would ship the equipment f. o. b. its offices in Salt Lake City, and bill defendant, who would pay by mail. This particular transaction was entered into by a telephone call in the customary manner; and further, the defendant's president, Jerry Whalen, was in Salt Lake City to discuss their business dealings on one occasion in 1973.

The trial court agreed with the defendant's challenge to the Utah court's jurisdiction on the ground that the foregoing facts did not show sufficient activities or business presence within the state of Utah to subject it to the jurisdiction of our courts.

■ It is our opinion that fairness and good conscience demand that we accord to citizens of other states who desire to make purchases here, or who may visit here or engage in any kind of transitory transactions, the same protections from possible harassment by long distance lawsuits as we expect to be accorded our citizens in similar circumstances in our sister states. Accordingly, the requirement of the statute of the "transaction of business within this state" is that the defendant has engaged in some substantial activity with some degree of continuity within our state.

■ This case is very similar in pertinent aspects to the recently decided *Union Ski Co. v. Union Plastics Corp.*, 548 P.2d 1257 (Utah, 1976), in which we affirmed the trial court's dismissal for lack of jurisdiction of a suit for breach of contract by a Utah corporation against a California corporation. A comparison shows that the defendant here had even less activities within this state upon which service under the long-arm statute could properly be based. The principles set forth in the *Union Ski* case are controlling here.

Affirmed. Inasmuch as defendant has not submitted itself to the jurisdiction of our court to ask for affirmative relief, no costs are awarded.

HENRIOD, C. J., and ELLETT and TUCKETT, JJ., concur.

MAUGHAN, Justice (dissenting):

The reasons for dissent are adequately stated in my dissenting opinion in *Union Ski Company v. Union Plastics Corporation*, 548 P.2d 1257, (Utah, 1976), to which reference is made.

Appropriate also is the following statement from 27 A.L.R.3d, Jurisdiction Over Nonresident, Section 3, page 418:

. . . However, it can be stated safely that in most jurisdictions the trend is toward expanding jurisdiction over nonresidents. It has been said that this trend toward liberality is creative of a "minimum contact" rule as prerequisite to the exercise of power over nonresident defendants.

Under statutes predicating jurisdiction on the transaction of "any" business or merely on "transacting business," it has been held that the volume of business done by the nonresident in the forum state is not the only method by which the necessary contacts can be established. Moreover, the courts have recognized a distinction between activities of a foreign corporation which will bring the corporation within the jurisdiction of the local courts, and activities necessary to subject the foreign corporation to domestication.

This latter distinction, I believe, we have not made; and, in not doing so, have saddled residents with burdens not anticipated by our statute.