**CHEVRON CHEMICAL COMPANY, Plaintiff and Appellant,**

v.

**Craig W. MECHAM and R. Kent Helleson, Defendants and Respondents.**

**No. 14423.**

Supreme Court of Utah.

May 24, 1976.

Leonard J. Lewis and E. Craig Smay, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff and appellant.

Frank J. Allen, of Clyde & Pratt, Ronald N. Boyce, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiff is here suing on a judgment entered against the defendant Mecham on February 13, 1975, in the Seventh Judicial District Court of the state of Idaho. The action of the plaintiff in the Idaho court was in two counts, the first being on a guaranty agreement dated July 31, 1968. The second count consisted of an assigned cause of action by the Bank of Salt Lake to the plaintiff of a guaranty

agreement dated October 29, 1968. The District Court of Salt Lake County where the present action was filed entered judgment in favor of the defendant Mecham and the plaintiff appeals.

The two guaranty agreements were given to the plaintiff for the purpose of indemnifying it against losses it might incur on its accounts with Great Basin Grain Company, Inc., located at Tetonia, Idaho. The case went to trial in the District Court of Salt Lake County. That court made findings of fact which are not challenged on appeal. Among other things the court found that the plaintiff corporation was a Delaware corporation doing business in California, Oregon, Idaho, and Utah; and that the defendant Mecham has always been a resident of the state of Utah. The court further found that Mecham was an officer of the Great Basin Grain Company, from its formation until April, 1970, when he disassociated himself from the corporation and the plaintiff was so advised. The action in Idaho was brought against the defendant Mecham as an individual. As an officer of Great Basin, Mecham made one trip to Idaho but he had no contacts with any customer, or supplier, or lending institution but discussed with the defendant Heileson, president of Great Basin Grain, only internal affairs of the company. Mecham never asserted a business presence in Idaho and he had no business address in that state, nor did he have a telephone listing. As an individual Mecham never consummated a business transaction in Idaho. The court further found that the instruments sued upon in the Idaho action were prepared by the plaintiff in its Portland office and do not identify the state of Idaho as the place for performance. Mecham terminated said guaranty by notifying the plaintiff at its Portland office. Mecham made a special appearance in the Idaho proceedings to challenge the jurisdiction of that court, but nevertheless judgment was entered against him. The court further found that in respect to count two of the complaint filed in Idaho, the guaran-

**184**

ty executed by Mecham to the Bank of Salt Lake was for the purpose of guaranteeing an obligation of Great Basin to the bank. The instrument was prepared in Salt Lake City by the Bank of Salt Lake and executed there. The Bank of Salt Lake assigned its claim to the plaintiff for suit.

Jurisdiction of the Idaho court was asserted over Mecham by reason of Idaho's long-arm statute. That statute is quite similar to the Utah long-arm statute as well as the statutes of a number of other states. In determining whether or not the court of the forum state has jurisdiction, certain standards and guidelines have been enunciated by the courts of the various jurisdictions. Those standards include the following guidelines: (1) The nature and quality of contacts in the forum state; (2) quantity of such contacts; (3) relationship of the cause to the contacts; (4) interest of the forum state in providing a forum for its residents; (5) the convenience of the parties. The plaintiff in support of its claim that jurisdiction had been obtained over Mecham by the Idaho court relies heavily upon the case of *Salter v. Lawn,*[1] a decision of the United States District Court of Massachusetts wherein jurisdiction was upheld. In that case the defendant had organized the corporation which later became bankrupt, and for which he had become a guarantor, as its agent or alter ego. That court found that the defendant had organized, used, and controlled the bankrupt corporation for the sole purpose of carrying out his agreement with the bishop under which he was to receive 10 per cent and the bishop 90 per cent of the profits of certain nursing homes. The facts in this case are entirely dissimilar. The identical problem we have here was before this court in the case of *Van Kleeck Creamery, Inc. v. Western Frozen Products Company*[2] which was also a suit upon the judgment entered by an Idaho court. It is interesting to note that the "long-arm statute" was the same as that in force in Idaho at the time the action against Mecham was commenced in that state. The individual defendants in that case had far more contacts in the state of Idaho than did Mecham in this case. This court upheld a decision of the trial court that the Idaho court had failed to obtain jurisdiction over the individual defendants through its long-arm statute and concluded that the judgment entered in those proceedings was not entitled to full faith and credit in the state of Utah.

The record in this case supports the trial court's finding that the acts of Mecham in the state of Idaho were performed solely in his capacity as an officer of the Idaho corporation. We find no error in the record and the decision of the court below is affirmed.

HENRIOD, C. J., and ELLETT and CROCKETT, JJ., concur.

MAUGHAN, Justice (dissenting):

Reference is made to my dissents in *Union Ski Co. v. Union Plastics Corp.,* 548 P.2d 1257 (Utah 1976), and *Cate Rental Company, Inc., v. Whalen & Company,* 549 P.2d 707 (Utah 1976).