DAHNKEN, INC. OF COTTONWOOD, a corporation, Plaintiff and Appellant,

v.

Andy MARSHINSKY, an Individual, Defendant and Respondent.

No. 15335.

Supreme Court of Utah.

May 16, 1978.

Verden E. Bettilyon, Salt Lake City, for plaintiff and appellant.

John L. McCoy of Ryberg & McCoy, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Dahnken, Inc. brought this action against defendant Andy Marshinsky, a Wyoming resident, for recission of a contract, or for the balance of the price, on a ring purchased by defendant at its store in Salt Lake County.

Defendant was served as provided in U.C.A.1953, 78–27–25, the so-called Long-Arm Statute. From the granting of defendant's motion to dismiss for lack of jurisdiction over him, the plaintiff appeals.

The plaintiff's complaint alleges that on December 22, 1976, the defendant came into its store and purchased a ring for which plaintiff's clerk by mistake charged him $127.22 for it instead of the correct price of $1,595.00. It makes no contention that the defendant engaged in any other business, or had an address, telephone number, bank account or any other property or activity within the state of Utah.[1]

The sole question presented is whether such a single transaction within this state is sufficient to render the defendant subject to jurisdiction of the Utah courts by the use of the long-arm statute.

It is true that our legislature has declared that the public policy of this state is to provide its citizens with the most effective means possible for seeking redress against nonresidents.[2] Nevertheless, in doing so, fairness and good conscience require that we accord to citizens of other states who may visit in our state or who desire to make purchases here, the same protections from possible inconvenience and hardships by long distance lawsuits as we expect to be accorded our citizens in similar circumstances in our sister states.[3] It is for this reason, among others, that we have held that a person who comes into our state as a visitor and makes single purchases or engages in single transactions of a transitory nature does not come within the meaning of the statute referred to,[4] but there must be some activity of a more substantial and purposeful nature.[5]

What has been said herein impels our agreement with the determination made by

1. See *Hill v. Zale Corp.,* 25 Utah 2d 357, 482 P.2d 332, listing factors that may be considered.

2. U.C.A.1953, 78–27–22 provides jurisdiction over nonresident defendants will be asserted, "to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."

3. *Cate Rental Company v. Whalen,* Utah, 549 P.2d 707.

4. *Transwestern General Agency v. Morgan,* Utah, 526 P.2d 1186.

5. *Hanks v. Admr. of Est. of Jensen,* Utah, 531 P.2d 363.

the trial court: that the single transaction upon which this action is based does not bring the defendant within the requirements of the long-arm statute referred to; and that consequently, the granting of defendant's motion to dismiss was justified.

Affirmed. Because defendant is in no position to ask for affirmative relief from our courts, no costs are awarded.

ELLETT, C. J., and HALL, J., concur.

MAUGHAN, J., concurs in result.

WILKINS, Justice (concurring with comments):

I agree that the defendant is not—and should not be—subject to the jurisdiction of the Utah courts in this matter.

The plaintiff in its complaint states that plaintiff's clerk through mistake and inadvertence sold the ring to defendant for $127.22 (and defendant fully paid this sum) instead of the actual sales price of $1,595.00. The plaintiff further states that this act "has caused injury to the plaintiff in this state."

Nothing in the complaint or affidavits filed as a result of the defendant's motion to quash state precisely or fully the acts upon which plaintiff relies in the long-arm statute,[1] though subsections (1), (2), or (3)[2] may apply. Assuming one of the enumerated acts is applicable[3] (it seems to me that subsection (1) or (2) is the most fertile act on which plaintiff could rely) and further that a nexus exists between one or more of these acts and the claim that plaintiff asserts, still an analysis of the minimum contacts standard of due process requires affirmance of the lower court for reasons given infra.

The quality and nature of the defendant's activity within Utah do not reach the status of "notions of fair play and substantial justice"[4] which would allow Utah to assert personal jurisdiction over this nonresident defendant.[5]

I believe the record before us demonstrates that the defendant's act in purchasing the ring in Utah was probably purposeful and not fortuitous (or at least a reasonable assumption thereon can be made), and therefore the matter for our consideration is reduced to a measurement of the other aspects of the *quality* of defendant's contacts.

The transaction in this case because of (1) the relative smallness of the claim, (2) the completion by both parties to the transaction (simultaneous delivery of the ring and payment therefor), and (3) other attendant circumstances alleged in plaintiff's complaint about the mistake being attributed to the plaintiff's clerk does not assume a level of "fair play and substantial justice"[6] which should permit jurisdictional assertion by Utah over this defendant.

The inconvenience and expense to defendant—in the context of this case—" . . . reach[s] sufficient proportions, especially when the plaintiff's claim is relatively small, that the defendant [may well] be financially compelled to de-

---

1. Utah Code Ann., 1953, Sec. 78–27–24.

2. Id., "(1) The transaction of any business within the state; (2) contracting to supply services or goods in this state; (3) the causing of any injury within this state whether tortious or by breach of warranty."

3. Though I am making an assumption here favorable to plaintiff, I think it is risky for a plaintiff to fail to plead clearly and fully the one or more of acts listed in Sec. 78–27–24 on which he relies.

4. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

5. I sense that the plaintiff may have difficulty—on the substantive law—to prove a claim on which relief may be granted because of its averment of the mistake of plaintiff's clerk, and not a mutual mistake or allegation of that type of unilateral mistake on which relief generally can be based. But, this case is before us on a jurisdictional ground and I therefore primarily address that matter. I cannot refrain however from *some* consideration, as noted infra, concerning the averment about the *clerk's* mistake.

6. Note 4, supra.

fault."[7] I do not wish to suggest that a single transaction with Utah as the forum state may not be the basis for jurisdictional assertion by Utah courts but do believe that infirmities noted ante in this case of a single transaction do fall short of a proper assertion.

A realistic evaluation of the averments in the complaint, of both the plaintiff's and defendant's convenience and expense in litigating here, the scope of the controversy, and the interest of this forum's asserting jurisdiction requires an affirmance of the District Court's order quashing service of plaintiff's complaint.

7. Strachan, *In Personam Jurisdiction*, 1977 Utah L.R. 235, 259.