**NOVA MUD CORPORATION, Plaintiff,**

v.

**L.H. FLETCHER, Defendant.**

**Civ. No. C86–528G.**

United States District Court, D. Utah, C.D.

Oct. 7, 1986.

**1124**

Peter W. Guyon, Salt Lake City, Utah, for plaintiff.

Stephen B. Mitchell, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came on regularly for hearing on September 22, 1986, on defendant's Motion to Quash Service of Summons for Lack of Personal Jurisdiction. Plaintiff was represented by Peter W. Guyon and defendant was represented by Stephen B. Mitchell. Plaintiff and defendant submitted memorandums of law and the court heard oral argument, after which the court took the matter under advisement. The court now being fully advised sets forth its Memorandum Decision and Order.

### FACTUAL BACKGROUND

This action arises generally out of an oil well drilling operation approximately thirty-four miles across the Utah border in the State of Nevada. Plaintiff's specific claim for relief involves an alleged oral contract entered into with C.H. Fletcher (hereinafter "Fletcher") to supply Fletcher with drilling mud for the Nevada drilling operation. Nova Mud Corporation (hereinafter "Nova Mud") is a Nevada corporation doing business in the State of Utah, while Fletcher resides in the State of Colorado. It is undisputed that in approximately December 1985, Fletcher by long distance telephone, contacted Larry A. Newman, President of Nova Mud, for the purpose of coming to an agreement for the supply of drilling mud. The parties do not dispute that an agreement was reached but vigorously dispute whether Fletcher was acting individually or as an agent for C.H. Fletcher Exploration, Inc. (hereinafter "Fletcher Exploration"), a Colorado corporation, when that agreement was reached.

### LEGAL ANALYSIS

#### I. FACTUAL DISPUTES

The preliminary issue before the court is whether the factual dispute regarding Fletcher's capacity as an individual or as agent for Fletcher Exploration must be resolved in order to decide this motion. Case authority clearly recognizes that under Rule 12(b)(2) of the Fed.R.Civ.P. the court may, in its discretion, proceed as to the issue of personal jurisdiction on affidavits alone, or it may permit discovery, or it may hold an evidentiary hearing. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (9th Cir.1981); *see also Sherman v. American Federation of Musicians*, 588 F.2d 1313, 1314 (10th Cir.1978); *Schramm v. Oakes*, 352 F.2d 143, 149 (10th Cir.1965).

If the court chooses to proceed on affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction. *Behagen v. Amateur Basketball Association of U.S.A.*, 744 F.2d 731, 733 (10th Cir.1984); *Milligan v. Anderson*, 522 F.2d 1202, 1207 (10th Cir.1975). The allegations in the plaintiff's complaint must be taken as true to the extent they are uncontroverted by defendant's affidavits and all factual disputes must be resolved in plaintiff's favor. *Behagen*, 744 F.2d at 733. Nevertheless, the burden remains on the plaintiff to prove at trial by a preponderance of the evidence that jurisdiction is proper. *Milligan*, 522 F.2d at 1207.

The cases also recognize that when the factual dispute as to jurisdiction closely relates to the merits of the case, the court normally should defer final resolution of those disputes until trial. By waiting, the court can make the most efficient use of limited judicial resources. *Bialek v. Racal-*

*Milgo, Inc.*, 545 F.Supp. 25, 33–34 (S.D.N. Y.1982). In addition, the court will thereby "prevent a summary disposition of the merits without the ordinary incidents of a trial including the right to jury." *Schramm*, 352 F.2d at 149.

In this case Nova Mud has alleged that Fletcher misrepresented that he personally would pay for the mud supplied to the drilling site. Thus, whether Fletcher was acting individually or as an agent will be a critical fact in deciding the merits of the case. The court concludes that in these circumstances an evidentiary hearing would not be expeditious. Accordingly, for purposes of this motion the court will resolve all factual disputes in favor of Nova Mud in determining whether it has established a prima facie case of jurisdiction.

## II. LONG–ARM JURISDICTION

A preliminary distinction needs to be made regarding the analysis this court engages in when it is asserted that jurisdiction is properly invoked under the Utah long-arm statute as compared with jurisdiction based upon doing business in the state. *See* Utah Code Ann. § 78–27–24 (1977). In *Abbott G.M. Diesel v. Piper Aircraft*, 578 P.2d 850 (Utah 1978), the Utah Supreme Court distinguished between so-called "general" and "specific" jurisdiction by quoting extensively from an important article on Utah's long-arm statute:

'General personal jurisdiction is the concept reflected in a doing business statute, which requires substantial and continued local activity; specific personal jurisdiction is the concept applicable to a long-arm statute, which requires only minimum local contacts.... Where a defendant's forum-state activity is extensive, the forum may assert personal jurisdiction on either related or unrelated claims (doing business concept). Where the defendant has only minimum contacts with the forum, personal jurisdiction may be asserted only *on claims arising out* of the defendant's forum-state activity' (long-arm or 'transaction of business' concept).

*Id.* at 853 n. 6 (citing Strachan, *In Personam Jurisdiction in Utah*, 1977 Utah L.Rev. 235). The court in *Abbott* expressly rejected its own prior statements that any distinction between "doing business" and "minimal contact" was semantic rather than substantive. *Id.* at 853. The court noted that after reviewing many individual cases "there can well be a significant and controlling difference in the two concepts." *Id; see also Mallory Engineering v. Ted R. Brown & Associates*, 618 P.2d 1004, 1006 n. 4 (Utah 1980). By making that recognition, the Utah court brought into question a number of prior precedents which essentially applied the "doing business" test even when the long-arm statute was asserted as the basis for invoking jurisdiction.[1] In any event, it is clear that the Utah court now adheres to the Utah legislature's mandate that standards be no more restrictive than those allowed under federal due process limitations. Utah Code Ann. § 78–27–22 (1977); *Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1110 (Utah 1985); *Ted R. Brown & Associates v. Carnes Corp.*, 611 P.2d 378, 380 (Utah 1980); *Abbott G.M. Diesel v. Piper Aircraft*, 578 P.2d 850, 853 (Utah 1978).

The first step in a long-arm jurisdictional analysis is to determine whether one of the statute's specifically enumerated acts is met under the particular facts of the case in question. Nova Mud has alleged that Fletcher has engaged in "[t]he transaction of any business within this state." Utah Code Ann. § 78–27–24(1) (1977). The statute defines "transaction of business" to

1. *See Union Ski Co. v. Union Plastics Corp.*, 548 P.2d 1257, 1260–61 (Utah 1976) (Maughan, J., dissenting); *Cate Rental Co. v. Whalen & Co.*, 549 P.2d 707, 708 (Utah 1976) (Maughan, J., dissenting); Strachan, *In Personam Jurisdiction In Utah*, 1977 Utah L.Rev. 235, 250 ("[T]he Utah Supreme Court's failure to exercise the expanded scope of personal jurisdiction permitted under the minimum contacts standard of due process has caused it to thwart the Utah Legislature's policy in enacting the long-arm statute"); *Brown v. Washoe Housing Authority*, 625 F.Supp. 595, 598 (D.Utah 1985). In this case Fletcher relies heavily on *Union Ski* and *Cate Rental* to support his position.

mean "activities of a nonresident person, his agents, or representatives in this state which affect persons or businesses within the State of Utah." Utah Code Ann. § 78–27–23(2) (1977). The Utah Supreme Court has given liberal and expansive construction to the definition in question. *See Synergetics v. Marathon Ranching Co.,* 701 P.2d 1106, 1110 (Utah 1985). This court previously has held that under the statute's broad definition, a person may transact business within the state despite an absence of physical presence in Utah. *Brown v. Washoe Housing Authority,* 625 F.Supp. 595, 599 (D.Utah 1985); *see also McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) (a nonresident corporation can act within the forum by mail). In this case it has been established for purposes of this motion that Fletcher telephoned Nova Mud and personally contracted for Nova Mud to supply drilling mud to the Nevada site.[2] That transaction alone meets the Utah statute in that it affects persons and businesses within the State of Utah.

The second step in a jurisdictional analysis is to determine whether Nova Mud's claim *arises out of* Fletcher's activity within Utah. *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958). If Nova Mud can establish that such a "nexus" exists it need not demonstrate that Fletcher's activity meets the general jurisdiction test of "doing business" within the state. In this case both Nova Mud's claim for breach of contract and claim for common law fraud directly relate to Fletcher's activity of calling and requesting services from a Utah corporation. The *Hanson* test is clearly met.

The third step in a jurisdictional analysis is to determine whether this court's assertion of jurisdiction over Fletcher would be consistent with federal due process "no-

tions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (*quoting Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). The Utah Supreme Court has recognized that the central inquiry in making such a determination is "the relationship of the defendant, the forum, and the litigation, to each other." *Mallory Engineering v. Ted R. Brown & Associates,* 618 P.2d 1004, 1007 (1980).

In first focusing on the defendant's interest, courts look for a purposeful act by which defendant avails himself of the privileges and protections of the forum. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Nova Mud relies foremost upon Fletcher's contract with Nova Mud to meet that requirement. However, Nova Mud also alleges that Fletcher's contacts with Utah go beyond that contract and include a number of transactions relating to the overall drilling operation. In that regard Nova Mud alleges that on two separate occasions Fletcher, while in the State of Utah, engaged in negotiations pertaining to the rights to drill the well and paid the first installment on that agreement while present in the state. At least one party to that agreement, Grant G. Pitcher, is an individual with an office in Salt Lake City, Utah. In addition, Nova Mud alleges that Fletcher solicited from Nova Mud its help in soliciting prices and bids from Utah businesses on various equipment necessary for the drilling project. Nova Mud alleges that it forwarded those bids, which resulted in Fletcher renting equipment from a Utah company. Finally, Nova alleges that Fletcher contacted Nova Mud to engage its assistance in replacing some of that equipment and that Fletcher himself drove to Salt Lake City to pick up the replacement equipment.

---

2. In support of its factual assertion Nova Mud has filed the affidavit of Larry A. Newman, President of Nova Mud, which states that Fletcher represented that he was acting in an individual capacity. In addition, Nova Mud has filed two other affidavits and supporting documents

of third parties who claim to have dealt with Fletcher as an individual in other transactions related to the drilling project. Nova Mud has therefore made a prima facie showing on that issue. *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir.1984).

In considering Nova Mud's allegations, Fletcher argues that with the exception of the one phone call in which the contract to supply mud was entered into, the remainder of Fletcher's alleged contacts are unrelated to this lawsuit. Further, Fletcher argues that based on *Dahnken, Inc. of Cottonwood v. Marshinsky*, 580 P.2d 596 (Utah 1978), one transaction is not enough to satisfy due process. The court cannot agree. In *Dahnken* the plaintiff had by mistake sold to defendant a ring for $127.22, when the alleged value was $1,595.00. In a very brief opinion the Utah Court denied jurisdiction and observed that "a visitor [who] makes single purchases or engages in single transactions of a transitory nature does not come within the meaning of the statute ..." *Id.* at 597. In a concurring opinion Justice Wilkins elaborated and concluded that when the plaintiff's claim is relatively small the inconvenience to the defendant is of significant proportions because the defendant may be financially compelled to default. *Id.* at 598. *Dahnken* appears to stand for the principle that the smallness of a claim will be considered as a *factor* in the overall fairness analysis rather than Fletcher's assertion that a single transaction, no matter how large, cannot fall under the statute. *See Mallory Engineering v. Ted R. Brown & Associates*, 618 P.2d 1004, 1009 n. 19 (Utah 1980) (recognizing the principle and citing *Dahnken* as authority).

Looking at the facts in this case the court concludes that it is fair to assert jurisdiction over Fletcher. By personally contracting with a Utah corporation Fletcher was on notice that litigation relating to that contract could foreseeably be brought in Utah. Fletcher should also have been aware that the contract would have a significant impact in the State of Utah. In addition, Fletcher's other contacts, although unrelated to claims in this case, may be taken into consideration. Even if we agree with Fletcher that those other contacts do not measure up to the "doing business" standard, that does not mean they are irrelevant in the flexible balancing that is engaged in under a long-arm juris-

dictional analysis. Those other contacts at least raise an inference that Fletcher has gained benefits from the State of Utah with regard to furthering the drilling operation.

Focusing on the interests of the plaintiff and the forum state the court's conclusion is further solidified. On balance Nova Mud's convenience interest in having a resolution of the dispute in the forum where its business operation is located and from which the contracted for supplies were provided, outweighs Fletcher's convenience interests. Although Nova Mud is a Nevada corporation, the State of Utah has an interest in seeing that the interests of a business operating within its boundaries are protected. *Cf. Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1111 (Utah 1985).

This court concludes that based upon the pleadings and affidavits before the court, Nova Mud has made a prima facie showing of jurisdiction. Accordingly, the Motion to Quash Service of Summons for Lack of Personal Jurisdiction is denied.

This Memorandum Decision and Order will suffice as the court's final action on this motion; no further Order need be prepared by counsel.

IT IS SO ORDERED.