**DRAGOR SHIPPING CORPORATION,**
formerly Ward Industries Corporation, Appellant,

v.

**UNION TANK CAR COMPANY,**
a corporation, Appellee.

**No. 20416.**

United States Court of Appeals Ninth Circuit.

Jan. 4, 1967.

---

Norman S. Hull, Hull, Terry & Ford, Tucson, Ariz., Joseph Lotterman, Paul Zola, Lotterman & Weiser, New York City, for appellant.

Thomas C. McConnell, Chicago, Ill., Harold C. Warnock, Boyle, Bilby, Thompson & Schoenhair, Tucson, Ariz., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge.

The district court rendered judgment in the amount of $1,037,500 in favor of plaintiff Union Tank Car Company (Union), and against defendant Dragor Shipping Corporation (Dragor). Dragor appealed, and we reversed. Dragor Shipping Corporation v. Union Tank Car Company, 9 Cir., 361 F.2d 43. Union then moved this court to stay its mandate, pursuant to 28 U.S.C. § 2101(f) (1964), on the ground that Union intended to petition the Supreme Court of the United States for a writ of certiorari.

Dragor opposed the motion and also argued that, if a stay is granted, it should be conditioned upon the filing of a "supersedeas" bond in the sum of approximately six thousand dollars, obligating Union to answer "for all damages and costs which the other party may sustain by reason of the stay." The quoted language was taken from 28 U.S.C. § 2101(f) (1964), but that statute does not refer to the bond therein provided for as a "supersedeas" bond. Explaining why the bond should be in the amount of six thousand dollars, Dragor noted that

this sum " * * * represents the judgment of costs to be entered in favor of Dragor upon this Court's reversal of the judgment of the district court." The judgment for costs, theretofore entered, was in the sum of $5,809.11.

Responsive to this countersuggestion by Dragor, a judge of this court granted the stay, conditioned as follows:

"This stay is granted upon the condition that appellant shall, within ten days of the entry of this order, file with the clerk of this Court a supersedeas bond in the amount of six thousand dollars ($6,000.00), approved by the undersigned judge, conditioned as follows: If appellee fails to petition for a writ of certiorari on or before June 24, 1966, or fails to obtain an order granting such petition or, in the event such petition is granted, fails to prevail in the Supreme Court, appellee shall answer for all damages and costs which appellant may sustain by reason of this stay."

Such a bond was tendered, approved, and thereafter filed by Union, The Home Indemnity Company (Home), being the surety thereon. Union duly filed its application for a writ of certiorari with the United States Supreme Court. The application was denied on October 10, 1966. 385 U.S. 831, 87 S.Ct. 68, 17 L.Ed.2d 66.

Dragor next made demand upon Home for payment of the $5,809.11 judgment of costs on the appeal in this court. Home denied liability on the ground that the bond on which it is surety does not cover the matter of costs on appeal in this court. Dragor then filed, in this court, a motion " * * * under and pursuant to Rules 73(f) and 62(d) of the Federal Rules of Civil Procedure. * * *," directing entry of a judgment in favor of Dragor, and against Home, in the sum of $5,809.11, with interest from April 7, 1966.

On behalf of itself and Home, Union filed a response to this motion. It is therein contended that:

"1. Dragor is not entitled to assert its claim against the surety in this Court by summary proceedings.

"2. 28 U.S.C.A. § 2101(f), pursuant to which the bond in question was posted, applies exclusively to certiorari proceedings in the Supreme Court; is not to be confused with a supersedeas bond posted under F.R.C.P. Rule 73(d); and by its express terms, limits the obligation of the bond to damages and costs sustained by a respondent in certiorari, which result from a stay of the judgment sought to be reviewed."

Counsel for Dragor has filed a reply affidavit, reasserting the position taken by Dragor in filing the motion.

Provision for summary proceedings for the enforcement of the liability of a surety is contained in Rule 65.1, Federal Rules of Civil Procedure. Rule 65.1 pertains only to security required or permitted under some provision of the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims. Dragor contends that the security here in question was required or permitted by Rules 62(d) and 73(d) of the Federal Rules of Civil Procedure. Those rules, however, pertain only to the giving of security in connection with the granting of a stay pending an appeal to this court.

Union's motion for a stay was not made under either of these rules, or any other rule of the Federal Rules of Civil Procedure. It was made pursuant to 28 U.S.C. § 2101(f), pertaining to stays pending applications to the Supreme Court of the United States for a writ of certiorari, and disposition thereof. See, also, Rules 27 and 51(2), Revised Rules of the Supreme Court of the United States. Neither section 2101(f), nor any other statute or rule called to our attention prescribes a specific mode of enforcing the liability of a surety on such a bond.

However, in Russell v. Farley, 105 U.S. 433, 445, 26 L.Ed. 1060, the Supreme Court ruled that where neither the bond given in connection with the granting of

an injunction, nor the statutes, nor any rule of court, prescribes a specific mode of assessing damages, the court which granted the injunction conditioned upon the filing of a bond may, in its discretion, enforce liability thereon, or leave the matter to an independent action at law. The Court there said:

"The imposition of terms and conditions upon the parties before the court is an incident to its jurisdiction over the case; and having possession of the principal case, it is fitting that it should have power to dispose of the incidents arising therein, and thus do complete justice, and put an end to further litigation." 105 U.S. at 445.

■■ In our opinion this same principle applies where, as here, there is a similar lack of direction in the bond, statutes or rules of court, concerning the manner of enforcing the liability of a surety under a bond given pursuant to section 2101(f). Exercising the discretion thus vested in us, and having in mind that Dragor's motion for judgment against the surety on Union's bond presents no issue of fact, we hold that Dragor may assert its claim against the surety in this summary proceeding.

■ Section 2101(f) provides that, in the event the party who obtained the stay by posting a bond, pending proceedings in the Supreme Court becomes liable thereon, " * * * he shall answer for all damages and costs which the other party may sustain by reason of the stay." Relying upon this language, Union argues that section 2101(f), by its express terms, limits the obligation of the bond to damages and costs sustained as a result of a stay of the judgment pending Supreme Court review, and thereby excludes any obligation on the judgment on which Supreme Court review is sought.

This precise contention was dealt with in Fidelity & Deposit Co. of Maryland v. Davis, 4 Cir., 127 F.2d 780. In *Davis*, the surety appealed from a judgment rendered against it in a district court upon a bond posted under former 28 U.S.C. § 350 (1940), which provided for a bond

in language identical with that of the present 28 U.S.C. § 2101(f), where a stay is granted pending certiorari proceedings. The district court was at least in doubt as to whether the tendered bond, utilizing the statutory language, covered the principal amount or the judgment and costs. It therefore declined to grant the stay unless the defendant filed a bond containing an additional clause reading,

" * * * which said damages and costs shall include the principal amount of the judgment heretofore recovered as aforesaid in the sum of $8,500, together with all interest and costs which have heretofore or may hereafter accrue thereon."

Objecting thereto, the defendant in that case nevertheless filed a bond containing the required language. Certiorari on the main appeal was denied, whereupon plaintiff brought an action on the bond in the district court. Summary judgment was entered for the plaintiff in the amount of the judgment which had been stayed pending the certiorari proceedings, together with interest.

The court of appeals affirmed, giving two reasons for its decision, namely: (1) under 28 U.S.C. § 350, the district court had discretionary power to require such an obligation in the bond; and (2) apart from the language which the district court required to be inserted, the statute itself imposed such an obligation where no other supersedeas bond was in effect. As to this second reason, the court of appeals stated:

" * * * the effect of the specific language in the bond to which exception is taken was merely to make explicit what would otherwise have been implicit, under the circumstances of the case, if the precise language of the statute had been used with nothing more." 127 F.2d at 782.

Union argues that neither of these alternative grounds for the result reached in *Davis* is applicable here.

As to the first ground stated in *Davis*, it is true that the precise language which

the district court, in *Davis*, required to be inserted in the bond, was not inserted in the bond now before us. But the order requiring such a bond refers to it as a supersedeas bond, and the bond itself is so denominated. The only thing that could be superseded is Union's obligation on the judgment for $5,809.11. As indicated above, the amount of the bond was, at Dragor's request, fixed at six thousand dollars, because this would about cover the judgment for costs, plus interest. The order requiring this bond thus represents an exercise of discretionary power to require such a bond obligation.

 The second ground, set forth in the quoted excerpt from *Davis*, is equally applicable here. In our case, as was true in *Davis*, no other supersedeas bond was posted by the party seeking certiorari. While *Davis* was concerned with 28 U.S.C. § 350, precisely the same language is now contained in 28 U.S.C. § 2101(f). An additional reason for crediting the *Davis* construction of the statute lies in the fact that Congress reënacted the statute, without change in 1948, six years after the *Davis* decision. 62 Stat. 961 (1948). It is reasonable to assume that Congress, in reënacting this statutory language, meant it to have the meaning fastened upon it by *Davis*.

Union argues that since the first ground stated in *Davis* was enough to sustain the result there reached, the second ground, as expressed in the quotation set out above, is dictum which should be disregarded.

We do not agree that the quoted language from the *Davis* opinion is dictum. Where an appellate court decision rests on two or more grounds, none can be relegated to the category of *obiter dictum*. Woods v. Interstate Realty Co., 337 U.S. 535, 537, 69 S.Ct. 1235, 93 L.Ed. 1524. For the reasons stated in the *Davis* opinion, we are in full accord with that Court's construction of the statute.

We therefore conclude that the bond in question was intended to, and properly could, supersede the judgment of this court and that, the condition thereof not having been fulfilled, the surety is liable to Dragor in the amount of $5,809.11, with lawful interest thereon from April 7, 1966. The motion of Dragor for entry of a judgment against the surety is granted. Dragor may serve and present a form of judgment in this amount, to which Union may have ten days within which to file objections as to form.