**DRAGOR SHIPPING CORPORATION, a corporation, formerly Ward Industries Corporation, Appellant,**

v.

**UNION TANK CAR COMPANY, a corporation, Appellee.**

No. 20904.

United States Court of Appeals
Ninth Circuit.

April 21, 1967.

Hull, Terry & Bret Harte, Tucson, Ariz., Joseph Lotterman, Lotterman & Weiser, New York City, for appellant.

Thomas C. McConnell, Boyle, Bilby, Thompson & Shoenhair, Tucson, Ariz., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge:

Union Tank Car Company (Union) brought this action against Dragor Shipping Corporation (Dragor), to recover one million dollars for breach of a settlement agreement between the parties dated October 3, 1963, and to obtain payment of a promissory note in that amount. Dragor counterclaimed for one million dollars for breach of the same agreement.

The district court granted summary judgment for Union on its complaint, and Dragor appealed pursuant to Rule 54(b), Federal Rules of Civil Procedure.

While that appeal was pending before our court the district court dismissed Dragor's counterclaim for lack of prosecution. Dragor also appealed from that order. On the first appeal we reversed the district court because it lacked *in personam* jurisdiction over Dragor. Dragor Shipping Corporation v. Union Tank Car Company, 9 Cir., 361 F.2d 43.[1] The second appeal is now before us to decide whether the district court had jurisdiction to dismiss Dragor's counterclaim.

■ The suit was instituted in the United States District Court for the District of Arizona. After Union filed its complaint, Dragor appeared specially and moved for an order quashing, vacating and annulling the service of process, and for an order dismissing the summons and complaint. The motion was made on the ground that the court did not obtain jurisdiction over the person of Dragor or the subject matter of the claim.[2]

The motion to quash and dismiss was denied. Dragor sought to take an interlocutory appeal from such denial, pursuant to 28 U.S.C. § 1292(b) (1964), but the district court declined to amend its order to make this possible. Dragor then petitioned this court for a writ of prohibition restraining the district court from proceeding with the action. We denied leave to file the petition.

Dragor then filed its answer in which it denied the essential allegations of the complaint, raised the defenses of lack of jurisdiction, insufficiency of process and improper venue, and pleaded the counterclaim referred to above. In its counterclaim Dragor stated that, to avoid a default in answering, it had been compelled to file the counterclaim as a compulsory counterclaim. Dragor further alleged that it had done so without waiving or intending to waive the objections to the jurisdiction and venue of the court, which it had previously asserted.

Dragor's sole contention on the appeal from the summary judgment for Union on the latter's complaint was that the Arizona District Court's assumption of jurisdiction, over the person of Dragor deprived Dragor of due process of law, and was therefore unconstitutional.

■ The principle Dragor invoked was that due process requires that in order to subject a defendant to a judgment *in personam*, if he is not present within the territory of the forum, he must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. We agreed that this principle was applicable under the circumstances and held that the Arizona District Court did not have *in personam* jurisdiction over Dragor. The judgment was reversed. Dragor Shipping Corporation v. Union Tank Car Company, 9 Cir., 361 F.2d 43.

Before that decision came down, Dragor moved in the district court for leave to discontinue its counterclaim without prejudice. As one ground therefor, Dragor urged that the *in personam* jurisdiction of the district court was the subject of the then pending appeal to this court and that, if Dragor were successful, all of the proceedings in the district court would be nullified. The district court denied Dragor's motion and set the counterclaim for trial on December 7, 1965.

Dragor refused to participate in the trial of the counterclaim on that date. Before the announcement of our decision in the appeal referred to above, the district court dismissed Dragor's counterclaim for lack of prosecution. Dragor's

1. A supersedeas bond problem arising as a result of this first appeal was also before this court in Dragor Shipping Corporation v. Union Tank Car Company, 9 Cir., 371 F.2d 722.

2. This was in reality a motion under Rule 12(b) (1) and (2). Special appearances to challenge jurisdiction are no longer required. See Solo Cup Company v. Paper Machinery Corporation, 7 Cir., 359 F.2d 754, 758; United States v. Balanovski, 2 Cir., 236 F.2d 298, 303; Shall v. Henry, 7 Cir., 211 F.2d 226, 231.

appeal from that order of dismissal is the one now under consideration.

Under the circumstances stated above, Dragor contends that the district court not only lacked *in personam* jurisdiction over Dragor to hear and determine the issues raised in Union's complaint, as we have previously held, but also necessarily lacked *in personam* jurisdiction over Dragor with regard to Dragor's counterclaim.

■ Dragor's counterclaim arose out of the transaction that was the subject matter of Union's complaint, namely, the settlement agreement of October 3, 1963. The counterclaim did not require for its adjudication the presence of third parties of whom the court could not acquire jurisdiction. Nor was the counterclaim the subject of another pending action. It was therefore a compulsory counterclaim within the meaning of Rule 13(a), Federal Rules of Civil Procedure.

■■ Under Rule 13(a) a party who fails to plead a compulsory claim against an opposing party is held to have waived such claim and is precluded by res judicata from bringing suit upon it again. Local Union No. 11, International Brotherhood of Electrical Workers, AFL–CIO v. G. P. Thompson Electric, Inc., 9 Cir., 363 F.2d 181, 184.[3] However, since such a party has no alternative but to submit his compulsory claim against an opposing party, or lose it, his act in asserting it does not constitute a waiver of any jurisdictional defense he previously or concurrently asserts. Hasse v. American Photograph Corporation, 10 Cir., 299 F.2d 666, 668–669; cf., North Branch Products, Inc. v. Fisher, 109 U.S.App.D.C. 182, 284 F.2d 611, 615.

■ The rule is the same even where, as Union asserts is the case here, the district court has subject matter jurisdiction of the claim. In order to entertain a claim for a monetary award against a person, a district court must have subject matter and *in personam* jurisdiction. The fact that subject-matter jurisdiction may exist does not excuse the lack of *in personam* jurisdiction. *In personam* jurisdiction can be conceded by the voluntary submission of a claim for affirmative relief. But a compulsory counterclaim is not a voluntary claim for relief.[4]

■ All of this was really decided on the prior appeal. If the filing of Dragor's compulsory counterclaim subjected it to *in personam* jurisdiction, it did so for the purposes of the complaint as well as the counterclaim. Yet we held that the district court did not have *in personam* jurisdiction for purposes of the complaint. Implicit in this holding is that

---

3. An exception to Rule 13(a) is made where a defendant is confronted with a choice as to which of two pending suits should be resorted to for the assertion of a compulsory counterclaim common to both. See Southern Construction Co., Inc. v. Pickard, 371 U.S. 57, 60–61, 83 S. Ct. 108, 9 L.Ed.2d 31. No such circumstance is present in the case now before us.

4. In Barron & Holtzoff, Federal Practice and Procedure, 1A, § 370.2, p. 536, after concluding that a waiver of jurisdictional defenses may still have vitality under Rule 12(b) with regard to permissive counterclaims voluntarily submitted, the author distinguishes the compulsory counterclaim as follows:

"What has been said so far deals only with the situation in which the counterclaim is permissive, and where there is some justice in saying that defendant, by voluntarily invoking the jurisdiction of the court on his counterclaim, must be held to have waived his objections to jurisdiction or venue. To apply such reasoning to compulsory counterclaims would be quite a different matter, since there defendant has no choice but is coerced into asserting his claim as a counterclaim. Even here there would be no constitutional bar to saying that such an assertion is a waiver of the jurisdictional challenge. But to find waiver in these circumstances seems something less than fair play, and it is not required by the precedents prior to the rules, where a compulsory counterclaim was unknown. Thus there is merit in those cases which have drawn a distinction, and which have held that the assertion of a compulsory counterclaim is not a waiver of other defenses and objections joined with it." (Footnotes omitted.)

the district court did not have *in personam* jurisdiction over Dragor for any purpose.

Union suggests that because Dragor actively engaged in pretrial discovery proceedings in support of its compulsory counterclaim, it thereby waived its defense of lack of *in personam* jurisdiction. However, one may lose a compulsory counterclaim by failing to support it with evidence, as well as by failing to plead it. If he is forced to plead it in order to preserve it, he is entitled to support it with evidence at a trial. If pleading a compulsory counterclaim does not waive his defense of lack of *in personam* jurisdiction, neither do his pretrial discovery activities in an effort to prove that claim.

Reversed.