Adrian G. DUPLANTIER, Robert M. Hill, Wilbur D. Owens, Jr., Nauman S. Scott, Robert E. Varner, and Earl E. Veron, on their own behalf and on behalf of all persons similarly situated

v.

The UNITED STATES of America.

Civ. A. No. 79-1735.

United States District Court, E. D. Louisiana.

June 4, 1979.

Richard F. Knight, R. Bradley Lewis, Bogalusa, La., Charles J. Rivet, M. Truman Woodward, Jr., New Orleans, La., for plaintiffs.

Neil H. Koslowe, Dept. of Justice, Washington, D. C., Michaelle Pitard, Asst. U. S. Atty., New Orleans, La., for defendants.

## MEMORANDUM OPINION

ROBERT F. COLLINS, District Judge.

The Ethics in Government Act of 1978, Pub.L. No. 95–521, 92 Stat. 1824 [hereinafter the Act], was enacted "to preserve and promote the accountability and integrity of public officials   .   .   ." S.Rep. No. 95–170, 95th Cong., 2d Sess., .1, U.S.Code Cong. & Admin.News 1978, pp. 4216, 4217 (1977). Congress opted to promote public accountability by legislating mandatory fi-

nancial disclosure provisions for federal employees in all three branches of government. Title III of the Act[1] provides that federal Judges, including those appointed

1. Pub.L. 95–521, Title III, 92 Stat. 1851–1861, provides in pertinent part:

#### Persons Required To File

Sec. 301. (a) Within thirty days of assuming the position of a judicial employee, an individual shall file a report containing the information described in section 302(b).

(b) Within five days of the transmittal by the President to the Senate of the nomination of an individual to be a judicial officer, such individual shall file a report containing the information described in section 302(b). Nothing in this Act shall prevent any Congressional committee from requesting, as a condition of confirmation, any additional financial information from any Presidential nominee whose nomination has been referred to that committee.

(c) Any individual who is a judicial officer or employee during any calendar year and performs the duties of his position or office for a period in excess of sixty days in that calendar year shall file on or before May 15 of the succeeding year a report containing the information described in section 302(a).

(d) Any individual who occupies a position as a judicial officer or employee shall on or before the thirtieth day after termination of employment in such position, file a report containing the information described in section 302(a) covering the preceding calendar year if the report required by subsection (c) of this subsection has not been filed and covering the portion of that calendar year up to the date the individual left such office or position, unless such individual has accepted employment in another position as a judicial officer or employee.

(e) Reasonable extensions of time for filing any report may be granted under procedures prescribed by the Judicial Ethics Committee established pursuant to section 303(a) of this title (hereinafter in this title referred to as the "Committee"), but the total of such extensions shall not exceed ninety days.

#### Filing Of Reports

Sec. 303. (a) The Judicial Conference of the United States shall establish a Judicial Ethics Committee which shall be responsible for developing the forms for reporting the information required by this title and for receiving and making available, in accordance with the provisions of this title, the reports described in section 301.

(b) Each judicial officer and judicial employee shall file the report required by this title with the Committee and shall file a copy of such report as a public document with the clerk of the court on which he sits or serves.

(c) In the performance of its functions under this title, the Committee, with the approval of the Judicial Conference of the United States, shall—

(1) develop the necessary forms and promulgate such rules and regulations as may be necessary;

(2) monitor and investigate compliance with the requirements of this title;

(3) provide for the availability of reports as required by section 305;

(4) conduct, or cause to be conducted, the reviews required by section 306;

(5) cooperate with the Attorney General in enforcing the requirements of this title;

(6) submit to the Congress and the President recommendations for legislative revision of this title;

(7) perform such other functions as may be assigned by the Judicial Conference of the United States.

(d) The Committee shall, within one hundred and twenty days after the date of enactment of this Act, develop and, with the approval of the Judicial Conference of the United States, promulgate a regulation establishing a method or methods for readily determining, without the necessity for expert appraisal, the fair market value of assets required to be disclosed by this title.

#### Failure To File Or Falsifying Reports

Section. 304. (a) The Attorney General may bring a civil action in any appropriate United States District Court against any individual who knowingly and willfully falsifies or who knowingly or willfully fails to file or report any information that such individual is required to report pursuant to section 302. The court in which such action is brought may assess against such individual a civil penalty in any amount not to exceed $5,000.

(b) The Committee shall refer to the Attorney General the name of any individual the Committee has reasonable cause to believe has willfully failed to file a report or has willfully falsified or failed to file information required to be reported.

#### Custody Of And Public Access To Reports

Section. 305. (a) The Committee shall make each report filed with it under this title available to the public in accordance with subsection (b) of this section.

(b) The Committee shall, within fifteen days after any report is received by the Committee under this title, permit inspection by or furnish a copy of such report to any person requesting such inspection or copy. The Committee may require the requesting person to pay a reasonable fee in any amount which is found necessary to recover the cost of reproduction or mailing of such report excluding any salary of any employee involved in such reproduction or mailing. A copy of such report may be furnished without charge or at a reduced charge if it is determined that waiver or reduction of the fee is in the public interest.

(c)(1) It shall be unlawful for any person to obtain or use a report—

(A) for any unlawful purpose;

pursuant to Article III of the United States Constitution, are to file an extremely detailed financial report describing their finances and those of their spouse and children, with the Judicial Ethics Committee, on or before May 15, 1979. Pub.L. 95–521 §§ 301(c); 302; 303(a), (b); 309. Article III Judges are also directed to file copies of these financial reports with the clerk of the court on which the Judge sits or serves. Pub.L. 95–521 § 303(b). All reports filed with the Judicial Ethics Committee and the clerks of court are public documents, available for inspection and reproduction. Pub.L. 95–521 §§ 303(b); 305(a), (b). The Attorney General of the United States is authorized to bring civil actions against individuals who willfully or negligently violate the financial reporting provisions of the Act. Penalties for willful violations may not ex-

ceed $5,000, and penalties for negligent violations may not exceed $1,000. Pub.L. 95–521 § 302(f)(6)(C)(i), (ii).

On May 14, 1979, plaintiffs filed a petition seeking a preliminary injunction or a temporary restraining order pending the issuance of a preliminary injunction, to enjoin challenged provisions of the Act. Plaintiffs' petition alleged that Title III of the Act was an unconstitutional encroachment on the rights and privileges of Article III Judges. Plaintiffs sought relief for themselves individually, and for all persons similarly situated. Plaintiffs contended that the Act was unconstitutional in several respects: The Act was challenged as an unconstitutional infringement on the· concept of separation of powers. Plaintiffs also argued that imposition of civil penal-

(B) for any commercial purpose other than by news and communications media for dissemination to the general public;

(C) for determining or establishing the credit rating of any individual; or

(D) for use, directly or indirectly, in the solicitation of money for any political, charitable, or other purpose.

(2) The Attorney General may bring a civil action against any person who obtains or uses a report for any purpose prohibited in paragraph (1). The court in which such action is brought may assess against such person a penalty in any amount not to exceed $5,000. Such remedy shall be in addition to any other remedy available under statutory or common law.

(d) Any report received by the Committee shall be held in its custody and be made available to the public for a period of six years after receipt of the report. After such six-year period the report shall be destroyed unless needed in an ongoing investigation, except that in the case of an individual who filed the report pursuant to section 301(b) and was not subsequently confirmed by the Senate, such reports shall be destroyed one year after the individual is no longer under consideration by the Senate unless needed in an ongoing investigation.

Compliance Procedures

Sec. 306. (a) The Committee shall establish procedures for the review of reports filed with it under this title to determine whether the reports are filed in a timely manner, are complete, and are in proper form. In the event a determination is made that a report is not so filed, the Committee shall so inform the reporting individual and direct him to take all necessary corrective action.

(b) Such procedures shall include provisions for conducting a review each year of financial statements filed in that year by judicial officers

and employees to determine whether such statements reveal possible violations of applicable conflict of interest laws or regulations and recommending appropriate action to correct any conflict of interest or ethical problems revealed by such review.

Additional Requirements

Section. 307. (a) Nothing in this title shall be construed to prevent the Committee, with the approval of the Judicial Conference of the United States, from requiring officers or employees of the judicial branch not covered by this title to submit confidential financial statements.

(b) The Committee, with the approval of the Judicial Conference, may require disclosure, in the reports filed pursuant to subsections (a) and (c) of section 302, of gifts received by a dependent child of a reporting individual if the information required to be disclosed does not exceed that which· must be reported by a spouse of a reporting individual under this title.

(c) Nothing in this Act requiring reporting of information shall be deemed to authorize the receipt of income, gifts, or reimbursements; the holding of assets, liabilities, or positions; or the participating in transactions that are prohibited by law or regulation.

(d) The provisions of this title requiring the reporting of information shall not supersede the requirements of section 7342 of title 5, United States Code.

Effective Date

Section. 309. This title shall take effect on January 1, 1979, and the reports filed under section 301(c) on May 15, 1979, shall include information for calendar year 1978.

ties would diminish a Judge's compensation, in violation of Article III of the Constitution. Plaintiffs further alleged that the Act failed to satisfy the Equal Protection clause of the Constitution because no rational relationship existed between the requirement that the Judicial Ethics Committee permit public inspection of financial reports and the performance of a Judge's duties. Finally, plaintiffs asserted that the public inspection provisions of the Act, especially those sections requiring Judges to file public documents with the clerk of the court for which the Judge serves or sits, constituted a clear and gross infringement on a Judge's right to privacy. Plaintiffs named the United States of America as defendant and subsequently amended the petition naming the following as party defendants: Griffin B. Bell, individually, and in his official capacity of Attorney General of the United States; Judge Edward Tamm, individually, and in his official capacity as the chairman of the Judicial Ethics Committee; and the Judicial Ethics Committee. Plaintiffs based jurisdiction on 28 U.S.C. § 1331(a).

On May 15, 1979, a conference before the Court was convened with counsel for plaintiffs and counsel for defendant United States of America participating. After considering the arguments of counsel, the gravamen of plaintiffs' petition, and the applicable law, the Court concluded that substantial questions of law existed and that plaintiffs and the class they purported to represent would suffer irreparable injury if Pub.L. 95–521, Title III, was not enjoined. Accordingly, the Court issued a temporary restraining order pending a hearing on plaintiffs' application for a preliminary injunction.

On May 25, 1979, plaintiffs' motion for a preliminary injunction came on for hearing. Plaintiffs invoked 28 U.S.C. § 1331(a) to establish subject matter jurisdiction. Plaintiffs contended that the Court had *in per-*sonam jurisdiction over all defendants pursuant to 28 U.S.C. § 1391(e). Counsel for the United States of America admitted personal jurisdiction as to Griffin B. Bell and the United States of America. However, counsel made a special appearance on behalf of Judge Tamm, the Judicial Ethics Committee, and the clerks of Article III courts,[2] contesting subject matter and personal jurisdiction as to those parties. Counsel also brought a motion to dismiss the action against the United States of America and to dissolve the temporary restraining order for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. The Court took these motions under advisement and extended the temporary restraining order for ten days. Rule 65(b), F.R.Civ.P.

The issues to be decided present a case of first impression. Many states have previously enacted financial disclosure laws for public officials. The large majority of these laws have been upheld by state courts.[3] Florida has recently enacted legislation subjecting all elected officials to rigorous financial disclosure requirements.[4] The constitutionality of this statute was upheld by the Fifth Circuit Court of Appeals in *Plante v. Gonzales*, 575 F.2d 1119 (5th Cir. 1978). Included within the ambit of this legislation are Florida State Judges, who are elected officials. However, the Court has been unable to discover any similar legislation applicable to federal Judges appointed pursuant to Article III of the United States Constitution. Article III Judges enjoy specifically enumerated constitutional rights and privileges not granted to state judges or elected officials. Unfortunately, lack of personal jurisdiction over Judge Edward Tamm, the Judicial Ethics Committee, and the clerks of court, prevents the Court from reaching and deciding the novel points of law presented.

---

2. The temporary restraining order had enjoined clerks of Article III courts from making public those financial reports of Article III Judges already on file.

3. *See* the list of state statutes and the respective state court holdings cited in *Plante v. Gonzalez*, 575 F.2d 1119, 1124 n. 8 (5th Cir. 1978).

4. Fla.Stat.Ann. § 112.3145 (West Supp.1978).

The federal courts are courts of limited jurisdiction. Two separate and distinct jurisdictional hurdles must be cleared by plaintiffs seeking to litigate in federal court: subject matter jurisdiction and personal jurisdiction over the parties named as defendants. The Court finds that plaintiffs in the case at bar have successfully established subject matter jurisdiction pursuant to 28 U.S.C. § 1331(a). Nevertheless, the concepts of subject matter jurisdiction and *in personam* jurisdiction are separate and distinct. *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978). "The fact that subject-matter jurisdiction may exist does not excuse the lack of *in personam* jurisdiction." *Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir. 1967).

Plaintiffs contend that the Court has *in personam* jurisdiction over the Judicial Ethics Committee and Judge Tamm, in his capacity as Chairman of the Committee, pursuant to 28 U.S.C. §§ 1331(a), 1391(e). 28 U.S.C. § 1391(e) provides in pertinent part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may . . . be brought in any judicial district in which . . . (4) the plaintiff resides if no real property is involved in the action . . .

A split of authority exists as to whether this statute confers *in personam* jurisdiction as well as venue.[5]

Assuming *arguendo* that 28 U.S.C. § 1391(e) does confer jurisdiction and venue, the language of the statute is inapplicable to the Judicial Ethics Committee, its Chairman, Judge Tamm, and the clerks of court, who are acting in concert with the Committee. The Second Circuit Court of Appeals has analyzed the language of 28 U.S.C. § 1391(e) and the statute's legislative history. *Liberation News Service v. Eastland*, 426 F.2d 1379 (2d Cir. 1970).[6] That Court concluded: "This history demonstrates to us that, in enacting §§ 1361 and 1391(e), Congress was thinking solely in terms of the executive branch, to which alone § 1391(e) has thus far been judicially applied." 426 F.2d at 1384.

▮ Reading 28 U.S.C. § 1391(e) in *pari materia* with 5 U.S.C. § 701, further demonstrates that § 1391(e) applies to the executive branch only. § 1391(e) specifically refers to "an officer or employee of the United States or any agency thereof . . . [and] an agency of the United States, or the United States." The statute that waives sovereign immunity as to the United States, 5 U.S.C. § 701, provides in pertinent part:

> (a) This chapter applies, according to the provisions thereof, except to the extent that—
>
> (1) statutes preclude judicial review; or
>
> (2) agency action is committed to agency discretion by law.

---

**5.** For the proposition that 28 U.S.C. 1391(e) confers both venue and *in personam* jurisdiction, *see Liberation News Service v. Eastland*, 426 F.2d 1379, 1382 n. 5 (2d Cir. 1970), and authorities cited therein. For the proposition that jurisdiction must be established as a prerequisite, *see Weinstein v. Norman M. Morris Corp.*, 432 F.Supp. 337, 339 (E.D.Mich.1977), construing 28 U.S.C. § 1391(d); *Kipperman v. McCone*, 422 F.Supp. 860, 871 (N.D.Cal.1976), construing 28 U.S.C. § 1391(e).

**6.** It should be noted that the Second Circuit denied plaintiffs' motion for a preliminary injunction to enjoin a subpoena of a Senate Subcommittee because the Court found that 28 U.S.C. § 1391(e) was applicable for jurisdictional purposes to members of the executive branch of government only. Hence, the United States District Court, Southern District of New York, could not have had *in personam* jurisdiction over the defendants. Plaintiffs then sought injunctive relief in a separate case filed in the United States District Court, District of Columbia. *See Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 98 S.Ct. 1813, 44 L.Ed.2d 324 (1975). The Supreme Court's discussion on the merits did not comment on the Second Circuit's interpretation of 28 U.S.C. § 1391(e). Therefore, the Second Circuit's interpretation must still be considered valid authority.

(b) For the purpose of this chapter—
(1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but *does not include* —
(A) *the Congress;*
(B) *the courts of the United States;*

. . .
[Emphasis added.]

Thus, the sovereign immunity statute implies that agencies of the United States are those within the executive branch only and not those within the legislative or judicial branches of government. This interpretation is applicable also to the words "an agency of the United States" used in 28 U.S.C. § 1391(e).

■ Since 28 U.S.C. § 1391(e) is applicable to agencies of the United States within the executive branch, the statute may confer *in personam* jurisdiction over the Judicial Ethics Committee, its Chairman, Judge Tamm, and the clerks of court, judicial employees acting in concert with the Committee, only if the Court finds that these defendants are within the executive branch for the purposes of their duties as delineated under the Act. The Court instead holds that these persons are members of the judicial branch of government,[7] and are not part of the executive branch.

The Act orders the establishment of the Judicial Ethics Committee and sets forth the Committee's responsibilities:

> Sec. 303. (a) The Judicial Conference of the United States shall establish a Judicial Ethics Committee which shall be responsible for developing the forms for reporting the information required by this title and for receiving and making available, in accordance with the provisions of this title, the reports described in section 301. Pub.L. 95–251, 92 Stat. 1858.

The Judicial Conference referred to in the section quoted above consists of the "chief judge of each judicial circuit, the chief judge of the Court of Claims, the chief judge of the Court of Customs and Patent Appeals, and a district judge from each circuit." 28 U.S.C. § 331. The Judicial Conference meets annually with the Chief Justice of the United States presiding. The Judicial Conference deals with administrative problems within the federal court system and may submit recommendations for legislation. It is undisputed that the Judicial Conference is part of the judicial branch of government. The Judicial Conference was delegated the responsibility of selecting the Judicial Ethics Committee, whose members are to supervise Judges' compliance with the Act, a judicial administrative function. It is therefore reasonable to conclude, and the Court so holds, that the Judicial Ethics Committee, its Chairman, Judge Tamm, and the clerks of court, judicial employees acting in concert with the Committee, are also part of the judicial branch. Accordingly, 28 U.S.C. § 1391(e) can not vest this Court with personal jurisdiction over these parties.

■ The Court also finds that other methods of effecting *in personam* jurisdiction as to these parties can not apply. Federal court jurisdiction extends only to those persons within the territorial limits of the forum state, Rule 4(f), F.R.Civ.P., unless the law provides otherwise. Rule 4(e), F.R. Civ.P., authorizes extraterritorial service of process pursuant to specific federal or state statutes. Since 28 U.S.C. § 1391(e) does not vest the Court with *in personam* jurisdiction over these parties, plaintiffs must rely on the Louisiana Long Arm statute, *La.Rev. Stat.Ann.* 13:3201 (West 1968, Supp.1979). The Court holds that the Louisiana Long Arm statute is inapplicable to these parties on its face.

■ The Court finds that the lack of *in personam* jurisdiction over the Judicial Ethics Committee, its Chairman, Judge Tamm,

---

7. Plaintiffs have cited *Chandler v. Judicial Council*, 398 U.S. 74, 90 S.Ct. 1648, 26 L.Ed.2d 100 (1970), for the proposition that a Judicial Council, an administrative judicial body within the judicial branch, may be sued despite the prohibition of 5 U.S.C. § 701(b)(1)(B). Al- though this has no direct bearing on the issue of *in personam* jurisdiction, the Court notes that *Chandler* involved a writ of mandamus, and is therefore distinguishable from the instant case where injunctive relief is sought.

and the clerks of court, acting in concert with the Committee, precludes adjudication of the merits as to these parties. However, two defendants are properly before the Court: the United States of America and Griffin B. Bell, individually and in his capacity as Attorney General. As to these parties, 28 U.S.C. § 1331(a) confers subject matter jurisdiction, and, because these parties are members of the executive branch, 28 U.S.C. § 1391(e) confers personal jurisdiction. Plaintiffs contend that the Judicial Ethics Committee, its Chairman, Judge Tamm, and the clerks of court, acting in concert with the Committee, are an agency or an enforcement arm of the executive branch of government for purposes of the Act. The Court has already held that for purposes of asserting *in personam* jurisdiction, pursuant to 28 U.S.C. § 1391(e), these parties are not part of the executive branch either in actuality or for purposes of administering the Act. The Court finds that the provisions of the Act relegate the responsibilities of the United States, and more specifically, the Attorney General, to a secondary status. The Attorney General is authorized to bring a civil action against those persons who knowingly and willfully or negligently violate other provisions of the Act. Pub.L. 95–521 § 302(f)(6)(C)(i), (ii). At this time, in compliance with the terms of the temporary restraining order, the Attorney General has not instituted civil proceedings against persons who have withheld filing, pending final disposition of this cause. Thus, any decision by this Court on the merits as to the Attorney General, without disposition on the merits as to the Judicial Ethics Committee, its Chairman, Judge Tamm, and the clerks of court, would be premature and incomplete relief.

■ Presently, plaintiffs' primary prayer for relief is that the Judicial Ethics Committee and the clerks of court be enjoined from making public those financial reports already in the possession of these parties. Plaintiffs' secondary prayer for relief is that the Attorney General be enjoined from prosecuting those judges who have withheld filing pending a final decision on the merits. Without a decision on the merits as to the

constitutionality of the Act itself, any decision on the merits as to the role of the Attorney General or the United States is contingent and speculative. A court with jurisdiction over all parties may find the Act constitutional in its entirety, or could construe the Act in such a manner as to make the Attorney General's role nugatory. Hence the Court will defer reaching the merits as to the United States or the Attorney General until it becomes clear which court may exercise jurisdiction over all parties and grant complete relief. At that time the Court will transfer the litigation pursuant to 28 U.S.C. § 1404(a).

■ The Court therefore denies plaintiffs' motion for issuance of a preliminary injunction for reasons heretofore stated. However, the Court finds that substantial questions of law exist and that plaintiffs, and the members of the class they purport to represent, would suffer irreparable injury if enforcement of Public Law Number 95–521, 92 Stat. 1851 (1978) was not stayed pending appeal of this decision or a final disposition on the merits before a court with proper *in personam* jurisdiction as to all parties. The Court, in its discretion, will therefore stay the proceedings in their current posture pending appeal of this decision or a disposition on the merits before a court having *in personam* jurisdiction as to all parties. Rule 62(c), F.R.Civ.P.