The FULLENWIDER COMPANY, a limited partnership, Plaintiff and Respondent,

v.

Loren PATTERSON, Gary G. Moore, and Dwayne Moore, individually, dba Golden Spool Fabrics, Inc., Defendants and Appellants.

No. 16363.

Supreme Court of Utah.

April 29, 1980.

Paul James Toscano of Jackman & Crosby, Orem, for defendants and appellants.

Edward W. Clyde and Thomas E. Clyde of Clyde & Pratt, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Plaintiff Fullenwider Company, which had obtained a $13,898.39 default judgment in Colorado against Loren Patterson, Gary G. Moore and Dwayne Moore for breach of a lease of commercial property in Greeley, Colorado, sued upon the judgment in Utah. Upon the basis of the "submissions," i. e., the pleadings, affidavits and exhibits, the trial court granted the plaintiff's motion for summary judgment and entered judgment against the defendant.

On appeal, the defendant contends that the Colorado judgment was not entitled to full faith and credit in this state because the Colorado court had not acquired jurisdiction over him.

The plaintiff, a Colorado limited partnership engaged in real estate development, constructed a shopping center and leased space therein to the above-named individuals, doing business as Golden Spool Fabrics, Inc. That business failed and, on February 9, 1978, the plaintiff brought an action in Colorado to recover for the payments due under the lease agreement.

After service upon the defendants, a default judgment was entered in the Colorado court on May 8, 1978, which recited that:

The defendants . . . having been served with process and having failed to appear and answer the Plaintiff's Complaint . . . the legal time for answering having expired, the default of the said defendants . . . having

been duly entered according to law, upon application of Plaintiff . . . judgment is hereby entered against the defendants . . . .

Almost two months later, on June 28, 1978, defendant Loren Patterson filed a motion to set aside the default and judgment. Similar motions which had been filed on behalf of the other defendants were also heard at that time.

Upon the basis of its consideration of the submissions relating to the defendants' motions to set aside the default, the Colorado court specifically found that the defendant Patterson had been properly served in Utah on March 3, 1978, and that in response thereto, his attorney had contacted plaintiff's counsel by letter dated April 20, 1978. In that letter, defendant's attorney stated that "a complaint has apparently been served on Mr. Patterson and may well have been served on Gary Moore and Dwayne Moore as well." Mr. Patterson's attorney then requested that plaintiff's counsel "advise us of the status of said litigation and withhold further proceedings until such time as this matter is either settled or our clients are able to obtain Colorado counsel in their defense."

By letter dated April 26, 1978, plaintiff's counsel advised the defendant Patterson's attorney that he would not withhold further proceedings since each of the defendants were in default and "more than enough time has passed without . . . obtaining Colorado counsel and answering the matter." In its denial of defendant Patterson's motion to set aside the judgment, the Colorado court recited that the defendants had made no showing as to why they had delayed in responding to the summons served upon them; and that they had presented no evidence which would justify any relief from the default judgment. The order denying the motion to set aside the default was entered on August 10, 1978, and no appeal was taken from that order.

The following month, on September 15, 1978, the plaintiff instituted the present action in Utah against the defendant Patterson. In his answer, the defendant urged

that the case be dismissed because of an alleged lack of jurisdiction in the Colorado proceeding. The plaintiff's motion for summary judgment was heard on February 19, 1979. Upon due consideration thereof, on March 2, 1979, our district court rejected the defendant's contention, reciting that the "Colorado Court had proper jurisdiction over Defendant . . .."

■ It is fundamental that the courts of each state shall give full faith and credit to valid judgments rendered in a sister state.[1] However, this does not preclude the court of the forum state from examining into the question of jurisdiction of the foreign state when that question is properly raised.[2] This is so because due process of law requires the acquisition of jurisdiction as a prerequisite to the validity of any judgment. A further rule applicable to such matters is that if the same issue as to the jurisdiction of the foreign court was raised and adjudicated therein, then the determination of that issue becomes res judicata, and is entitled to full faith and credit, the same as any other issue that has been so determined.[3]

■ The critical inquiry presented here is whether the issue of jurisdiction was full and fairly litigated and finally decided in the court which rendered the original judgment.[4] In that connection, we recognize that a distinction should be drawn between the mere assumption of jurisdiction by the foreign court and a recital to that effect, as contrasted to an express adjudication on the subject after the issue has been raised.[5] Reverting to the facts above recited in the light of what has been said, it clearly appears that by seeking affirmative relief in filing his motion to set aside the default judgment in the Colorado court, the defend-

ant Patterson entered his appearance and sought an adjudication on the issue as to that court's having acquired jurisdiction over him. The issue as to jurisdiction having thus been raised and resolved by the Colorado court, that ruling is entitled to full faith and credit in our court, as our district court correctly decided.

Affirmed. Costs to plaintiff (respondent).

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

1. U.S.Const., Art. IV, sec. 1; *Van Kleeck Creamery, Inc. v. Western Frozen Products Co.*, 24 Utah 2d 63, 465 P.2d 544 (1970).

2. Id.; *Simms v. Hobbs*, Okl., 411 P.2d 503 (1966); *Day v. Wiswall*, 11 Ariz.App. 306, 464 P.2d 626 (1970); *Tucker v. Vista Financial Corp.*, Colo., 560 P.2d 453 (1977); *National Equipment Rental, Ltd. v. Taylor*, 225 Kan. 58, 587 P.2d 870 (1978).

3. 47 Am.Jur.2d, Judgments, sec. 1260.

4. Id.

5. Id. See statement in *Van Kleeck Creamery, Inc. v. Western Frozen Products Co.*, supra, note 1.