Palmer L. **CLARKSON** et al., Plaintiffs and Respondents,

v.

**WESTERN HERITAGE, INC.**, Larry J. Sorensen, Jean Sorensen, Cline G. Campbell and Jane Doe Campbell, his wife; C. Glenn Robertson and Patricia Robertson, Defendants and Appellants.

No. 16917.

Supreme Court of Utah.

March 13, 1981.

C. Glenn Robertson, Sandy, for defendants-appellants.

L. Rich Humpherys, Salt Lake City, for plaintiffs-respondents.

GOULD, District Judge:

This appeal is taken from a summary judgment in favor of plaintiffs granted by the district court, The Honorable Bryant H. Croft presiding.

The respondents brought this action to recover on foreign judgments rendered in the State of Arizona against appellants herein. If the Arizona court had jurisdiction to render the judgments, then those judgments of the courts of a sister state are to be accorded full faith and credit.[1] The district court determined upon the motion for summary judgment that the Arizona court had jurisdiction.

The appeal is taken asserting that we must inquire into the jurisdictional question.

Appellants are the officers of a corporation, and the corporation itself, none of whom were Arizona residents. Activities were carried on in the state of Arizona which resulted in suits being filed. These suits resulted in the subject judgments being rendered by default, based upon nonresident service of process as authorized by the Arizona Code. There appears to have been a comedy of errors surrounding the entry of the judgments, the efforts to set the same aside, and an abortive effort to perfect an appeal in Arizona, all of which were unsuccessful. Only one of these actions is relevant here, namely, the motion to set aside the judgment by default in Arizona.

Following the rendition of the Arizona judgments, appellants moved to set the judgments aside, which motions were denied. Appellants then attempted to perfect an appeal, which failed because of the failure to file a bond for costs on appeal.

The respondents then filed this action, seeking to enforce the Arizona judgments. Appellants attempted to place in issue the question of the jurisdiction of the Arizona court by their answer. Although the answer is somewhat imprecise in this regard, it is clear that the trial court recognized and dealt with the question of the jurisdiction of the Arizona courts in its ruling on plaintiffs' motion for summary judgment. Plaintiffs' motion for summary judgment was supported by affidavit, which recited facts sufficient to found jurisdiction in the State of Arizona. This affidavit was not countered by an opposing affidavit by defendants. Our Rule 56(e)[2] clearly requires an opposing affidavit in order to create a genuine issue of material

1. U. S. Constitution, Article IV, Sec. 1.

2. Rule 56(e), U.R.C.P.

fact, and does not permit a party to rely upon his pleading to create a disputed fact issue. The trial court correctly took the facts set forth in the plaintiffs' affidavit to be true, and ruled accordingly. We find no error in the trial court's ruling on the summary judgment motion.

■ There is a separate and independent reason for affirming the trial court. Defendants' application to the Arizona courts seeking affirmative relief from the entry of the default judgment had the effect of rendering the jurisdictional question moot under our ruling in *Fullenwider Company v. Patterson*, Utah, 611 P.2d 387 (1980). The issue of jurisdiction in the instant case having been litigated in Arizona cannot now be attacked here.

The judgment of the district court is affirmed, with costs to respondents.

HALL and HOWE, JJ., concur.

STEWART, Justice: (concurring in the judgment).

I concur in the majority opinion's conclusion that no error occurred in the trial court's determination that the Arizona court had jurisdiction over appellants. Plaintiffs supported their motion for summary judgment with an affidavit containing facts which, according to the lower court, established jurisdiction in Arizona. Defendants submitted no countervailing affidavit to create an issue of material fact. I therefore agree that the trial court properly disposed of the issue on summary judgment. I do, however, disagree with the application of the ruling in *Fullenwider Co. v. Patterson*, Utah, 611 P.2d 387 (1980).

The distinction between general and special appearances has been abolished by Rule 12(b), Utah Rules of Civil Procedure. *Brown & Associates, Inc. v. Carnes Corp.*, Utah, 547 P.2d 206 (1976). A party need no longer appear "specially" to attack the court's jurisdiction, and, conversely, a general appearance does not waive the objection of lack of jurisdiction over the person. *Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241 (9th Cir. 1967); *Emerson v. National Cylinder Gas Co.*, 131 F.Supp. 299 (D.Mass.1955); *Orange Theatre Corporation v. Rayherstz Amusement Corp.*, 139 F.2d 871 (3rd Cir. 1944). A defendant may, however, waive objection to jurisdiction over his person by failing to raise the defense in a timely fashion. *Orange Theatre Corporation v. Rayherstz Amusement Corp., supra.*

A defendant may challenge jurisdiction over his person in his answer and also assert defenses going to the merits without losing the jurisdictional claim. Alternatively, a defendant may raise his defenses in a motion prior to his answer. However, if a party makes a Rule 12(b) motion and omits from it any defense which may be raised under that rule, he may not raise those defenses at a later time.

The critical action in the Arizona case was the motion to set aside a default judgment. The record does not reveal whether the jurisdictional issue was raised by the motion or, if so, whether the court ruled on it. Assuming, however, as we must, that the issue was not ruled on, defendants' motion did not constitute a waiver of the defense of lack of jurisdiction over his person. In *Fullenwider* the appellant expressly raised the jurisdictional question in his motion to set aside the default judgment and that issue was adjudicated, but the instant record does not reveal as much. I therefore would not extend the *Fullenwider* rationale to the instant case.

MAUGHAN, C. J., does not participate herein.

GOULD, District Judge, sat.

CROCKETT, J., heard the arguments, but retired before the opinion was filed.