Connie BANGERTER and Donna Hansen, Plaintiffs and Appellants,

v.

Boyd R. POULTON, David N. Price and Merrill G. Hansen, Defendants and Respondents.

No. 17555.

Supreme Court of Utah.

April 27, 1983.

ton and David N. Price to borrow $20,000 from a bank and then use those funds to acquire Rose Park Mower, Inc., a retail business. In return for the use of their borrowing ability, defendants were issued 90% of the stock and were to receive some tax shelter benefits. Plaintiffs were to operate· the business and allegedly to repay $15,000 to the defendants. Plaintiffs executed a $15,000 trust deed on real property owned by them naming defendants as beneficiaries, but through apparent oversight they did not execute a promissory note which had been prepared and which was referred to in the trust deed. Defendant Merrill G. Hansen was the trustee in the trust deed and attorney for the parties in the setting up of the business. Plaintiffs were given the option to purchase additional stock from the defendants at such time as the business made a profit. The business eventually failed and plaintiffs sought reconveyance of the trust deed. Defendants refused and counterclaimed for foreclosure of the trust deed. Plaintiffs resisted foreclosure on the grounds that they had not received any consideration, that they were not legally liable to repay any amount because the defendants were to bear the full risk of failure of the business, and that no legal obligation had been created.

Plaintiffs contend that summary judgment against them was improper because no legal obligation had been created since the trust deed note was not executed. As a matter of law, in order to establish a valid trust deed or mortgage, a legal debt or obligation with a specific amount owing must exist. While a signed promissory note is one means of evidencing the debt and amount thereof, the lack of an executed promissory note is not fatal to the validity of the trust deed or mortgage. Other evidence may be sufficient so long as it establishes a debt and the specific amount owing on the debt. See *Smith v. Haertel,* 125 Colo. 348, 244 P.2d 377 (1952); *Lierman v. O'Hara,* 153 Wis. 140, 140 N.W. 1057 (1913); *Lee v. Fletcher,* 46 Minn. 49, 48 N.W. 456 (1891). The application of this rule in the case before us necessitates a determination concerning the issues of fact involved here.

J. Kirk Rector, Salt Lake City, for plaintiffs and appellants.

Daniel W. Anderson, Stephen T. Preston, Salt Lake City, Merrill G. Hansen, Murray, for defendants and respondents.

HOWE, Justice:

Plaintiffs, Connie Bangerter and Donna Hansen, brought this action for reconveyance of a trust deed. They appeal from a dismissal of their complaint and from a summary judgment entered against them on defendants' counterclaim which declared a default on the trust deed and ordered foreclosure.

This action arose out of a business venture by the parties. Plaintiffs were unable to obtain adequate financing on their own, and they induced defendants Boyd R. Poul-

Plaintiffs claim that summary judgment against them was improper because there were issues of fact in dispute. Principally they contend that the denial of the existence of any obligation on their part which they made under oath in their answers to requests for admission raised the issue of who was to bear the risk of the failure of the business. Rule 56(c) of the Utah Rules of Civil Procedure provides that summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Thornock v. Cook,* Utah, 604 P.2d 934 (1979). When a motion for summary judgment is made and supported by affidavit as provided in Rule 56, an adverse party may not rely upon mere allegations or denials of his pleadings to avoid summary judgment but must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e) U.R.C.P.; *Thornock v. Cook,* supra. See also *Clarkson v. Western Heritage, Inc.,* Utah, 627 P.2d 72 (1981); *United American Life Ins. Co. v. Willey,* 21 Utah 2d 279, 444 P.2d 755 (1968).

■ We find no genuine issue of fact as to the liability of the plaintiffs for the repayment of $15,000. Defendants moved for summary judgment with support of Hansen's affidavit. The affidavit specifically explained that a promissory note was prepared by him to evidence an obligation from plaintiffs to defendants; that the promissory note was secured by the trust deed which plaintiffs signed, but that the promissory note was not executed through an apparent oversight. This evidence was uncontroverted by plaintiffs and therefore must be taken as true. The general denial, albeit sworn to by the plaintiffs, that an obligation existed was insufficient to avoid summary judgment in view of this specific evidence.

We find this case somewhat analogous to *W.J. Kroeger v. Travelers Indemnity Co.,* 112 Ariz. 285, 541 P.2d 385 (1975). In that case, the insured denied the validity of an insurance contract because its own copy was destroyed. The insurer submitted a copy from its business records and the court affirmed the summary judgment against the insured because, relying upon his denials alone, he had failed to meet the burden of producing sufficient evidence to raise an issue. In the instant case the plaintiffs relied solely upon their general denial that there was an obligation as an attempt to avoid summary judgment. But the uncontroverted affidavit of defendants specifically explained that the failure to execute the note was due to inadvertence. Therefore, here as in Kroeger, plaintiffs' non-responsiveness to the defendants' affidavit fails to meet the burden of producing sufficient evidence to raise an issue for trial.

Consequently, based on these facts defendants have offered sufficient evidence to establish a debt and the specific amount of the debt. They have done so by affidavit and plaintiffs have failed to respond to meet it. Defendants were therefore entitled to summary judgment on this point.

■ As to the defense of the plaintiffs that they received no consideration for executing the trust deed, they admitted in their answers to requests for admission submitted to them by the defendants that the plaintiffs were the principal promoters of the business and that it was upon their inducement that the defendants became involved and provided the capital to acquire the business and operate it. This admission fully satisfies the requirement of consideration.

■ Plaintiffs in their brief suggest that fraud and illegality, though not specifically pleaded, actually existed and that they should be allowed to pursue these defenses through further discovery. It is axiomatic that defenses and claims not raised by the parties in the trial cannot be considered for the first time on appeal. *Rich v. McGovern,* Utah, 551 P.2d 1266 (1976); *Hamilton v. Salt Lake County Sewerage Improvement District No. 1,* 15 Utah 2d 216, 390 P.2d 235 (1964).

■ The plaintiffs argue that even though the trust deed recites the existence of an indebtedness, there is nothing in the trust deed which discloses the terms of pay-

ment and rate of interest accruing thereon. This objection is well taken. Not only is the trust deed silent on these matters, but there is nothing in the record from which they can be determined. Neither the affidavit filed by the defendants in support of their motion for summary judgment nor the answers to interrogatories and requests for admission supplies this information. Without it, there is no evidence that the indebtedness was in default, thereby entitling the defendants to proceed with foreclosure of the trust deed. The summary judgment entered on defendants' counterclaim therefore must be set aside and the case remanded to the trial court for the limited purpose of taking evidence as to the terms of the indebtedness. Similarly, the award of the trial court of attorney's fees and certain costs is not supported by any evidence in the record and is reversed. These items, too, should be substantiated or deleted upon remand.

The summary judgment dismissing plaintiffs' complaint is affirmed, but the judgment entered on defendants' counterclaim is reversed and the case is remanded for further proceedings in accordance with this opinion. Each party shall bear his or her own costs on this appeal.

HALL, C.J., and OAKS and DURHAM, JJ., concur.

STEWART, J., dissents.